UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22373-Civ-COOKE/TORRES

GARY SMITH,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a
NORWEGIAN CRUISE LINES,

    Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

THIS CASE is before me on Defendant's Motion to Compel Arbitration (ECF No. 8) and Plaintiff's Motion for Remand and Supporting Memorandum of Law (ECF No. 10). Plaintiff filed his Memorandum in Opposition to Defendant's Motion to Compel Arbitration (Doc 8) (ECF No. 9) to which Defendant filed its Combined Reply in Support of Motion to Compel Arbitration and Response in Opposition to Plaintiff's Motion for Remand and Supporting Memorandum of Law (ECF No. 13). Plaintiff then filed his Reply to Defendant's Response (DE 13) to Plaintiff's Motion for Remand (DE 10) (ECF No. 15). Therefore, the parties' motions are fully briefed and ripe for ruling.

After reviewing Defendant's Motion to Compel Arbitration, Plaintiff's Motion for Remand, the Responses and Replies thereto, the record, and relevant legal authorities, Defendant's Motion to Compel Arbitration is granted and Plaintiff's Motion for Remand is denied without prejudice.

### I. BACKGROUND

Plaintiff, Gary Smith, a seaman from Bluefields, Nicaragua, was injured while working aboard Defendant's ship, the "Norwegian Sky." Upon commencing his employment on Defendant's vessel, Plaintiff signed an employment contract, which required him to arbitrate any and all claims he may have against his employer. The employment contract also required Defendant to pay the initial filing fee of $3,000.00 in order to commence arbitration proceedings.

On October 16, 2014, Plaintiff filed a Notice of Arbitration and Statement of Claim with the International Centre for Dispute Resolution (the "ICDR") as mandated by the terms of his employment contract. In his Notice of Arbitration, Plaintiff stated that he sought "maintenance payments which [Defendant] has failed to pay [Plaintiff] to date and related damages." Plaintiff went into further detail regarding his claims in his Statement of Claim, wherein he calculated that Defendant owed him $1,440.00 in unpaid maintenance and demanded that Defendant "immediately pay the outstanding maintenance owed to [Plaintiff], plus interest, compensatory and punitive damages, [Plaintiff's] attorney's fees and any expenses incurred or to be incurred in connection with the filing of [the] notice of arbitration."

On October 21, 2014, the ICDR sent a bill to Defendant for the payment of the initial filing fee of $3,000.00 in order for arbitration proceedings to commence. Defendant failed to pay the initial filing fee, prompting the ICDR to send Defendant reminders to pay the filing fee on November 17, 2014, December 10, 2014, January 5, 2015, February 6, 2015, March 17, 2015, and April 29, 2015. The ICDR warned both parties that if Defendant failed to pay the filing fee, then it would administratively close Plaintiff's file. On May 7, 2015, the ICDR administratively closed Plaintiff's file. Plaintiff then filed a five-count Complaint in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida on May 29, 2015, which Defendant removed to federal district court on June 24, 2015.

## II. ANALYSIS

Plaintiff contends that Defendant, by failing to pay the initial arbitration fee, foreclosed arbitration as a forum for Plaintiff to present his claim, and thus waived its right to compel arbitration. In response, Defendant argues that it did not pay the initial filing fee because it believed the issues raised in Plaintiff's Notice or Arbitration to be moot after it paid Plaintiff the unpaid maintenance Plaintiff sought in his Statement of Claim.

An agreement to arbitrate may be waived just like any other agreement. *Burton-Dixie Corp. v. Timothy McCarthy Constr. Co.*, 436 F.2d 405, 407 (5th Cir. 1971). Waiver is recognized as a defense to the enforcement of the Convention. *See, e.g. Bautista v. Star Cruises*, 396 F.3d 1289, 1302 (11th Cir. 2005). In determining whether a party has waived its right to arbitrate, the Eleventh Circuit applies a two-part test, first deciding if "under the

2

totality of circumstances, the party has acted inconsistently with the arbitration right," and second, whether that party "has in some way prejudiced the other party." *Ivax Corp. v. B. Braun of Am.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002). "However, '[b]ecause federal law favors arbitration, any party arguing waiver of arbitration bears a heavy burden of proof.'" *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir. 1990) (quoting *Belke v. Merrill Lynch, Pierce, Fenner & Smith*, 693 F.2d 1023, 1025 (11th Cir. 1982), *overruled on other grounds by Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985)).

In support of his position, Plaintiff argues that while he did everything to abide by the terms of his employment contract mandating arbitration, he has been thwarted by Defendant's unwillingness to pay the initial arbitration filing fee. Additionally, he argues that he has been prejudiced by Defendant's delay because he has been forced to expend funds on litigation expenses and his medical treatment has been delayed. In response, Defendant argues that it has acted consistently with regard to arbitration in this matter by paying Plaintiff the back maintenance he sought in his Statement of Claim. Defendant points out that it never initiated or participated in any litigation proceedings that may have waived its right to arbitration. Additionally, Defendant argues that it is unclear how Defendant has suffered any prejudice as he received full compensation for what he sought in his Statement of Claim.

I agree with Defendant that arbitration must be compelled in this case. Plaintiff's Notice of Arbitration and accompanying Statement of Claim clearly seek back payment of unpaid maintenance. Instead of paying the $3000.00 initial arbitration filing fee however, Defendant compensated Plaintiff in the amount of $1,440.00, believing in good faith that it had fully resolved Plaintiff's claim. As Defendant points out in its briefing, Plaintiff's Notice of Arbitration sought only to arbitrate his claim for maintenance payments; it was only in his Complaint that he added on claims of Jones Act Negligence, Unseaworthiness, and Breach of Contract. If Plaintiff sought damages beyond unpaid maintenance, including damages for unpaid medical treatment, he should have explicitly made those claims in his Notice of Arbitration and Statement of Claim.

Therefore, while Defendant has failed to pay the arbitration filing fee, thereby technically delaying arbitration proceedings, "[m]ere delay is insufficient to support a defense of waiver." *Hale v. Dep't of Revenue*, 973 So. 2d 518, 522-23 (Fla. 1st DCA 2008)

(internal citation omitted). This situation presents more of a misunderstanding between the parties than an overt intent by Defendant to circumvent its responsibilities. Defendant believed it had fully resolved Plaintiff's claim, thus mooting the arbitration proceeding. Plaintiff's attempt at showing Defendant's delay as bad faith falls far below the heavy burden he must meet to establish the defense of waiver. *See Air Prod. and Chemicals, Inc. v. Louisiana Land and Expl. Co.*, 867 F.2d 1376, 1379 (11th Cir. 1989) (applying Florida law and affirming the district court's finding that mere delay did not constitute waiver). Plaintiff has failed to demonstrate that Defendant acted inconsistently with arbitration and that Plaintiff has been prejudiced by Defendant's delay.

### III.   CONCLUSION

Therefore, for the reasons stated herein, it is **ORDERED and ADJUDGED** as follows:

1. Defendant's Motion to Compel Arbitration (ECF No. 8) is **GRANTED**.
2. Plaintiff's Motion for Remand and Supporting Memorandum of Law (ECF No. 10) is **DENIED** *without prejudice*.
3. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31ST day of August 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*